UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | | |
|---|---|---|
| **BRINK TRANSPORTATION, INC.,** d/b/a **BRINK TRANSPORTATION SERVICES, INC.,** | : : : : : | Bankruptcy No. 09-70051 BM |
| Debtor | : : | Chapter 7 |
| **SAMUEL D. BRINK, Individually;** **SAMUEL D. BRINK TRUCKING, INC.;** **SAMUEL D. BRINK LEASING, INC.;** and **BRINK TRANSPORTATION, INC.** | : : : : : | |
| Movants | : : | Doc. # 21: Motion To Quash And Motion For Protective Order Under |
| v. | : : | Rule 2004.1(d) |
| **J.J. POWELL, INC.,** | : : | |
| Respondent | : | |
| **J.J. POWELL, INC.,** | : : | |
| Movant | : : | |
| v. | : : | Doc. # 23: Motion To Compel Rule 2004 Examinations And Requests |
| **BRINK TRANSPORTATION, INC.;** **SAMUEL D. BRINK LEASING, INC.;** **SAMUEL D. BRINK TRUCKING, INC.;** and **SAMUEL D. BRINK,** | : : : : : | For Documents |
| Respondents | : | |

## MEMORANDUM OPINION

**AND NOW**, this **16th** day of **June**, 2009, it appears to the court as follows:

(1) Debtor filed a voluntary chapter 7 petition on January 29, 2009. Debtor's sole principal is Samuel D. Brink.

The schedules list assets with a value of $0.00 and liabilities totaling $445,027.00. All of the liabilities are owed to general unsecured creditors. J.J. Powell, Inc. is listed as having a disputed claim in the amount of $135,132.00.

The statement of financial affairs indicates that debtor's income from operating its business was $588,225.00 in 2008 and was $2,499,822.00 in 2007. Its income for 2009 was listed as $0.00.

(2) The chapter 7 trustee issued a report of no distribution on April 15, 2009, after conducting the § 341 meeting.

(3) J.J Powell brought a motion to postpone the closing of debtor's bankruptcy case to provide it an opportunity to conduct Rule 2004 examinations of Samuel Brink, debtor, Samuel Brink Trucking, Inc. and Samuel Brink Leasing, Inc. Samuel Brink is the sole principal of all three corporate entities. The motion was granted in an order issued on May 14, 2009, which directed that the case not be closed until 60 days after that date.

(4) On May 15, 2009, J.J. Powell served subpoenas *duces tecum* and notices of Rule 2004 examinations on Samuel Brink, debtor, Brink Trucking and Brink Leasing. The examinations were scheduled to occur on May 28, 2009.

(5) On May 29, 2009, Samuel Brink, debtor, Brink Trucking and Brink Leasing filed a motion to quash and for a protective order concerning the above 2004 examinations. Among other things, they alleged that the issue of unpaid fuel bills was the subject of prior litigation in state court, where it purportedly was determined that debtor solely was responsible for the debt owed to J.J. Powell and that Samuel Brink was not personally liable for the debt. In addition, it claims that Samuel Brink testified in a deposition in that case that he, not debtor, owned the equipment debtor used in its operations. Finally, they claim that the formation of Brink Trucking and Brink Leasing occurred after the debt owed to J.J. Powell by debtor had arisen and it had been determined that it would be "improvident" for Samuel Brink to continue leasing the equipment to debtor.

Movants maintained that the discovery sought by J.J. Powell was overly broad and was nothing but a "fishing expedition", and that they were amenable to limited discovery pertaining only to the formation of Brink Trucking and Brink Leasing.

(6)   Oral arguments on the competing motions were heard on June 11, 2009.

(7)   Under Federal Rules of Bankruptcy Procedure 2004(a), the court may on motion of a party in interest order the examination of any entity.  The purpose of Rule 2004(a) is to permit a party in interest to determine the condition of the bankruptcy estate, to enable discovery of its extent and to protect the rights of creditors. *Snyder v. Society Bank of Ann Arbor (In re Snyder)*, 1995WL241797, *1 (5th Cir. 1995).
   The scope of Federal Rule of Civil Procedure 2004(a) is exceptionally broad and is not curtailed by *res judicata*. *Martin v. Schaap Moving Systems, Inc.*, 1998WL405996, *2 (2d Cir. 1998).  A proposed examination which is in the nature of a "fishing expedition" is permissible under Rule 2004. *Northmont Associates v. W&S investments, Inc. (In re W&S Investment, Inc.)*, 1993WL18272, *2 (9th Cir. 1993).  As broad as its scope is, however, Rule 2004 is not unlimited.  It may not be used, for instance, to harass or oppress a party. *In re Snyder*, 1995WL241792 at *2.
   If the party to be examined under Rule 2004(a) has moved to quash the subpoena, the party seeking to conduct the examination must show good cause for the requested discovery. *In re W&S Investments, Inc.*, 1993WL18272, at *2.

(8)   J.J. Powell has shown good cause for the requested discovery.  It claims that it learned for the first time at the § 341 meeting that all of the equipment debtor used in its business supposedly was owned by Samuel Brink and that said equipment subsequently was leased to Brink Trucking.
   J.J. Powell at the very least should be permitted to examine debtor, Samuel Brink, Brink Trucking and Brink Leasing to determine whether the testimony produced at debtor's § 341 meeting concerning the above equipment is true and to determine whether grounds exist for bringing an adversary action against Samuel Brink, debtor, Brink Trucking or Brink Leasing. Federal Rule of Civil Procedure 2004(a) permits such examinations to take place and permits the requested documents to be subpoenaed.

In light of the foregoing, it hereby is **ORDERED**, **ADJUDGED** and **DECREED** that:

(1) the motion by Samuel D. Brink, Samuel D. Brink Trucking, Inc., Samuel D. Brink Leasing, Inc. and Debtor to quash and for a protective order, filed at Doc. # 21, **SHALL BE** and hereby is **DENIED**; and

(2) the motion by J.J. Powell to compel Rule 2004 examinations and requests for documents, filed at Doc. # 23, **SHALL BE** and hereby is **GRANTED**.

It is **SO ORDERED**.

_____  6-16-09
**BERNARD MARKOVITZ**
U.S. Bankruptcy Judge

cm: Debtor
John R. Lhota, Esquire
Charles E. Bobinis, Esquire
Stanley P. DeGory, Esquire
Dwight L. Koerber Jr., Esquire
David J. Novak, Esquire
David J. Hopkins, Esquire
Lisa M. Swope, Esquire
Office of United States Trustee

FILED

JUN 16 2009

CLERK, U.S. BANKRUPTCY COURT
WEST. DIST. OF PENNSYLVANIA